termination of the issues presented by the counterclaim, and the ap-pellate courts therefore held that the issues presented by the pleadings had not been determined and reversed the judgment. In the Municipal Courts, however, the judgment is not predicated upon separate findings of fact and conclusions of law. The Municipal Court act simpy provides that:

"The court must hear the evidence and decide all questions of fact and law and render judgment accordingly. * * * " Section 230.

I know of no rule that requires the court to make a separate finding upon the counterclaim. On the contrary, it is expressly provided in section 153 that:

"Where a counterclaim is established which equals the plaintiff's demand the judgment must be in favor of the defendant. Where it is less than the plaintiff's demand the plaintiff must have judgment for the residue only. * * * "

I do not think that from these sections any rule can be deduced that, where the counterclaim is not established, the judgment must in form be for the plaintiff on the complaint and on the counterclaim. It is true that the Appellate Division of the Second Department has in the case of Bellock v. Weitzer, 144 App. Div. 292, 129 N. Y. Supp. 178, reversed a judgment where the judgment was for the plaintiff for the exact amount of his claim on the ground that it failed to make any disposition of the counterclaim. The court there relied upon the authorities cited above, and I do not think that it intended to go beyond those authorities. In that case the court stated: "It is apparent that the counterclaim was not considered." And again: "The trial court undoubtedly reached the conclusion that the defense was not sustained, but overlooked the counterclaim." I think that all the court there held was that, where from the record it is fairly inferable that the court overlooked some of the issues, the judgment must be reversed, but, where it is fairly inferable that the trial court passed upon all the issues, the judgment can be affirmed, even where the judgment does not specifically refer to the counterclaim. Undoubtedly it would be safer if the court specifically stated the disposition it made of the counterclaim and such a statement is necessary in some instances, but in this case it fairly appears that the trial justice has found for the plaintiff upon all the issues, and the judgment should be sustained, with costs to respondent.

Judgment affirmed, with costs. All concur.

---

ROGOWSKI v. BRILL.

(Supreme Court, Appellate Term. December 12, 1911.)

1. CLERKS OF COURTS (§ 11*)—FEES—STATUTES.

A clerk of court takes his office cum onere and is only entitled to such fees or compensation as are provided by statute.

[Ed. Note.—For other cases, see Clerks of Courts, Cent. Dig. §§ 33–65; Dec. Dig. § 11.*]

2. CLERKS OF COURTS (§ 19*)—FEES—BRIEFS ON APPEAL—STATUTES—"TRIAL."
　　Code Civ. Proc. § 3301, provides that each clerk of a court of record is entitled, for his services in an action or special proceeding brought in or transferred to the court of which he is clerk, to receive on the trial of the action or the hearing on the merits of the special proceeding, from the party bringing it on, $1. *Held*, that since the word "trial" means examination before a competent tribunal, according to the laws of the land, of facts put in issue in a cause to determine such issue, or a judicial examination of the issue between the parties, whether of fact or law, such term, as used in section 3301, did not include a review on appeal, where the record only is examined for the correction of errors, and hence the clerk is not entitled to fees of $1 for the filing of appellant's brief on appeal to that court.

　　[Ed. Note.—For other cases, see Clerks of Courts, Dec. Dig. § 19.*

　　For other definitions, see Words and Phrases, vol. 8, pp. 7095–7103; vol. 8, p. 7821.]

Action by Henry Rogowski against Max Brill. Judgment for plaintiff, and defendant appeals. On motion to compel the clerk of the Appellate Term to receive appellant's brief on the appeal without payment of a fee. Granted.

See, also, 131 N. Y. Supp. 589.

Argued before SEABURY, LEHMAN, and PAGE, JJ.

S. C. Sugarman (M. Spencer Bevins, of counsel), for the motion.
Archibald R. Watson (Leon G. Godley, of counsel), opposed.

SEABURY, J. This is a motion in the above-entitled action to compel the clerk of the court to receive the appellant's brief upon appeal without the payment of a fee. The practice of requiring a fee of $1 for every case argued or submitted to the Appellate Term seems to have been in existence for many years. It has existed since the institution of the Appellate Term and seems to have existed in some courts at least since 1850.

[1] The practice is now challenged and it is necessary to determine whether or not any authority exists for requiring the payment of this fee. It is settled law that a clerk of a court takes his office cum onere, and that he is entitled only to such fees or compensation as are provided by law. 7 Cyc. 206.

The fees of the clerks of the courts in this state are regulated by statute, and, unless it is possible to point to a statutory provision which confers the right to collect the fee, there is no warrant in law for its collection. The right to collect fees therefore cannot rest upon the fact that it has been customary to collect them. The practice formerly prevailing counts for nothing, and the question presented must be determined from an examination of the statutes.

[2] The only statute which it is suggested may confer upon the clerk the right to collect this fee is section 3301 of the Code of Civil Procedure. That section provides that:

"Each clerk of a court of record is entitled for his services in an action or a special proceeding, brought in or transferred to the court of which he is clerk to the following fees: Upon the trial of the action, or the hearing upon the merits, of special proceedings, from the party bringing it on, one dollar."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

The contention is made that the submission or argument of an appeal at the Appellate Term is a "trial" within the meaning of that word as it is used in section 3301 of the Code of Civil Procedure. Bouvier defines a "trial" as:

"The examination before a competent tribunal, according to the laws of the land, of the facts put in issue in a cause, for the purpose of determining such issue."

In 38 Cyc. 1267, a "trial" is defined as:

"The judicial examination of the issue between the parties, whether they be issues of law or fact."

In Prof. Thayer's treatise "On Evidence at the Common Law" (page 16) is a learned note in which the origin and history of the word "trial" is sketched. Neither the definitions quoted nor the history of the word suggest that it includes a review on appeal. Causes which are reviewed on appeal are "tried" in the court of first instance. They are not, properly speaking, "tried" before an appellate court. The function of an appellate court is to review the record and to correct errors which may have occurred upon a trial. In Eldridge v. Strenz, 39 N. Y. Super. Ct. 295, 300, Monell, Ch. J., in an opinion dissenting from that of a majority of the court upon other questions, said:

"I do not regard the argument of the successive appeals as *trials* within the meaning of the law, as has been done in some cases. * * * A trial is a judicial examination of the *issues*, whether of law or fact, and not a review of such examination upon an appeal from the decision. The Appellate Court corrects any errors of the trial. It has no original jurisdiction to try the issues, or to judicially examine them, further than to see that the judgment under review is correct. The only trial, therefore, is at the Special (or Trial) Term, before the court, with or without a jury."

This construction of the word "trial" is in accord with what we conceive the legislative intention to have been in using the word in section 3301 of the Code of Civil Procedure. The cases of Matter of Clerk's Fees, 5 How. Prac. 11, and Wilcox v. Curtiss, 10 How. Prac. 91, we do not regard as guides pointing us to a correct conclusion. Matter of Clerk's Fees, supra, held that the word "trial" included a "trial on appeal," but limited this construction to appeals from *judgments,* and held that no fee could be collected by the clerk upon an appeal from an order. Wilcox v. Curtiss, supra, was a Special Term decision holding that, in a case where a verdict was directed subject to the opinion of the General Term, the issues of fact were tried in the court below and the issues of law were tried before the Appellate Court. Under existing statutes authorizing appeals to be heard in the Appellate Term, no distinction is made as to the manner in which appeals from judgments shall be brought on for hearing as distinguished from appeals from orders. Sections 1340, 1341, 1342, 1344, 3188, and 3189, Code Civil Procedure, and rule 2 of the rules for the hearing of appeals from the City Court and Municipal Court.

Under the practice heretofore prevailing, the clerk has received a fee where appeals have been taken from orders as well as in cases

involving appeals from judgments. The case of the Matter of Clerk's Fees, supra, cannot therefore be regarded as authority for the existing practice.

Neither the existing statutes under which appeals are taken nor the rules of court which govern the practice upon the hearing of such appeals suggest reason or authority for the existing practice. At present these fees are remitted by the clerk of the court to the city of New York, and in opposition to this motion it is urged by the learned counsel for the city that the present question should be raised by a mandamus to compel the clerk to accept the appellant's brief, and not by a motion for an order of the court directing the clerk to accept them. While it is true that mandamus is a remedy which is open to the appellant, there can be no doubt of the power and duty of the court to entertain and determine this motion upon the facts which have been brought to its attention. The statute law of the state gives to litigants in the City and Municipal Courts the right to appeal to this court, and upon such appeals they have the right to submit briefs and to be heard. To grant this right only upon the payment of a fee for which there is no warrant in law is to deny the right itself. The clerk is the officer of the court and as such amenable to its direction. We may add, also, that of late the right of the clerk to require the fee has been questioned, and the convenience of the clerk and litigants alike require that the matter shall be authoritatively determined.

As there is no statute which confers upon the clerk the right to collect this fee, he is directed to receive the briefs of the appellant without any fee, and the practice which has heretofore prevailed of collecting such fees must cease. All concur.